## STATE of Maine

v.

## Thomas BOOTHBY.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1986.

Decided Feb. 4, 1986.

Paul Aranson, Dist. Atty., Laurence Gardner (orally), Asst. Dist. Atty., Portland, for plaintiff.

Mittel & Hefferan, E. Paul Eggert (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

After a jury trial in Superior Court (Cumberland County), defendant Thomas Boothby was convicted of aggravated assault, 17–A M.R.S.A. § 208 (1983). On appeal, he asserts that the twenty-month delay between his arrest and trial resulted in a denial of his constitutional right to a speedy trial. *See* U.S. Const. amend. VI; Me. Const. art. I, § 6; *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Cadman*, 476 A.2d 1148 (Me.1984). The delay involved is not long enough to constitute a *per se* violation, although it does necessitate the application of the familiar balancing test. *State v. Murphy*, 496 A.2d 623, 627 (Me. 1985). The factors considered under the *Barker* analysis include: (1) the length of delay, (2) the reason for delay, (3) defendant's assertion of the right, and (4) any prejudice to defendant. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2191. In the present case, defendant did not assert his right until nearly eighteen months had passed. Furthermore, the record discloses neither the reasons for the delay nor any showing by defendant that the delay was prejudicial. *See Barker*, 407 U.S. at 531–32, 92 S.Ct. at 2192–93. We conclude that defendant's argument is without merit.

The entry is:

Judgment affirmed.

All concurring.